UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$43,790.00 UNITED STATES CURRENCY, )<br>)<br>Defendant. ) | Cause No. 1:19-cv-01163 |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action to forfeit property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency is money furnished or intended to be furnished in exchange for a controlled substance, the proceeds traceable to such an exchange, or otherwise used or intended to be used to facilitate a violation of the Controlled Substances Act.

**PARTIES, JURISDICTION, AND VENUE**

2. The defendant property is Forty-Three Thousand Seven Hundred and Ninety Dollars in United States Currency ("$43,790.00" or "Defendant Currency") seized by the United States Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), on August 16, 2018.

3. The Defendant Currency has been assigned Asset Identification Number 18-CBP-000485. It has been transferred to the custody of the United States Department of Homeland

1

Security, Customs and Border Protection ("DHS-CBP").

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in a district in which any of the acts giving rise to the forfeiture occurred).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

6. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b) in that the forfeiture accrued in the Southern District of Indiana.

**FACTS**

7. Kyle Titus, the individual from whom the Defendant Currency was seized, is an Indiana resident with a criminal history related to violations of controlled substance laws. On March 22, 2018, Titus pled guilty to maintaining a common nuisance, a level 6 felony, and possession of marijuana, a class A misdemeanor, in *State of Indiana v. Kyle Titus*, No. 09D01-1711-F6-000442 (Cass County Superior Court). The court sentenced Titus to 730 days in jail, with credit for time served and the remaining time suspended with 365 days of probation.

8. Titus's sentence was ordered to be served concurrently with his sentence in *State of Indiana v. Kyle Titus*, No. 09D01-1711-F6-000445 (Cass County Superior Court), in which Titus had been convicted on March 22, 2018 of possession of marijuana.

9. Titus had additional prior convictions. In 2012, Titus was found guilty of

possession of marijuana/hash oil/hashish, a class A misdemeanor, in violation of Ind. Code § 35-48-4-11(1), in case number 09D02-1204-CM-000308.   In 2017, Titus was found guilty of possession of marijuana, a class A misdemeanor, in violation of Ind. Code § 35-48-4-11(a)(1), in case number 09D02-1611-CM-000888.

10. Titus had reached a prior settlement with the State of Indiana regarding forfeiture of currency in *State v. Titus*, 34D01-1709-MI-000237 (Howard County Superior Court), in which $12,030.00 was returned to Titus and $12,030.00 was forfeited to the State of Indiana.

11. On August 16, 2018, Titus was on pretrial release from pending charges of dealing in marijuana, a level 6 felony, and possession of marijuana, a class B misdemeanor, in the Grant County Circuit Court, Case No. 27C01-1709-F6-000478.

12. On August 16, 2018, Titus went to the Indianapolis International Airport with a boarding pass for Denver, Colorado en route to Spokane, Washington.   Titus passed through a Transportation Security Administration ("TSA") checkpoint with a large amount of United States Currency in his carry-on luggage.

13. TSA notified a Special Agent and a Task Force Officer with DHS-HSI, and these law enforcement officers made contact with Titus near departure gate B21.   Titus's airplane ticket was for a recently-purchased, one-way flight to Spokane, Washington.   Titus gave consent for the law enforcement officers to search his carry-on luggage.   Titus's carry-on luggage was found to contain a large envelope and a folder, each of which contained United States Currency.   The envelope and folder did not contain any notations or other documents to explain the purpose of the currency.

  

14. Titus stated that he had approximately forty thousand dollars in United States Currency and that he was traveling to Washington State to see about buying property. Titus was unable to provide further information about what land he was going to look at, or about any persons he had been communicating with. Thus, the investigators determined that Titus was unable to verify his story in any way.

15. DHS-HSI seized the Defendant Currency found in Titus's carry-on luggage as the suspected proceeds of, or property used or intended to be used to facilitate, a controlled substance offense.

16. A certified drug detection canine alerted to the odor of controlled substances on the Defendant Currency.

17. The Defendant Currency was counted and found to be $43,790.00 in the following denominations:

| Denomination | Count | Amount |
| --- | --- | --- |
| $5 | 2 | $10 |
| $10 | 27 | $270 |
| $20 | 1783 | $35,660 |
| $50 | 67 | $3,350 |
| $100 | 45 | $4,500 |

4

| Total: | | $43,790.00 |
|---|---|---|

18.     The result from an inquiry made with the Indiana Department of Workforce Development shows Titus does not have any reported earnings in the State of Indiana since 2015. There is no record of any reported earnings found with any other states since 2016 either.

19.     On June 3, 2017, Titus visited a branch of Beacon Credit Union in Logansport, Indiana.   Titus presented $9,000.00 in twenty-dollar bills, which he wanted exchanged for hundred-dollar bills.   The bank branch could only exchange $3,000.00.   During this encounter at the bank branch, the currency smelled of marijuana and Titus smelled of marijuana.   A staff member observed that Titus was driving a new Dodge Charger.   When asked where the currency came from, Titus stated that he sold a car.

20.     On June 20, 2017, Titus closed his remaining accounts with Beacon Credit Union. Upon closing the accounts, Titus received $176.54 in cash.

## ADMINISTRATIVE FORFEITURE PROCEEDINGS

21.     DHS-CBP mailed a timely notice of seizure to Titus.   The notice informed Titus of the agency's intent to pursue administrative forfeiture of the Defendant Currency.   The notice gave Titus the options to file a petition for administrative reconsideration, submit an offer in compromise, abandon the property, or file a claim requesting referral for court proceedings.

22.     On October 29, 2018, DHS-CBP received a timely claim from Titus requesting referral for court proceedings.

23.     No other claims or petitions were received for the Defendant Currency.   After the time for filing claims and petitions administratively expired, DHS-CBP referred the matter to the United States Attorney to initiate a judicial forfeiture action.   On January 25, 2019, the

Honorable Debra McVicker Lynch, United States Magistrate Judge, granted the United States' motion for an extension of time to March 29, 2019 to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture.

## PERTINENT STATUTES AND REGULATIONS

24. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to manufacture, distribute, or dispense – or possess with intent to manufacture, distribute, or dispense – a controlled substance.

25. Marijuana is a Schedule I controlled substance. 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d).

26. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## CLAIM FOR RELIEF

27. Based on the allegations above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all

parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

                              Respectfully submitted,

                              JOSH J. MINKLER
                              United States Attorney

By:    *s/Eric P. Babbs*
        Eric P. Babbs
        Special Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027

## VERIFICATION

I, Daron S. Babcock, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 03-21-19

Daron S. Babcock
Special Agent, HSI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$43,790.00 UNITED STATES CURRENCY, )<br>)<br>Defendant. ) | Cause No. 1:19-cv-01163 |

## WARRANT FOR ARREST OF PROPERTY

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 22nd day of March, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against forty-three thousand seven hundred and ninety dollars in United States Currency ("$43,790.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

                                                                            _____
                                                                            Laura A. Briggs, Clerk
                                                                            United States District Court
                                                                            Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.